IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES COPPEDGE and KRISHA M. COPPEDGE, | ) ) ) ) | |
| Movants, | ) ) | |
| v. | ) ) | C.A. No. 19-1640 (MN) |
| JANET Z. CHARLTON, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM**

**I.     INTRODUCTION**

Presently before the Court are various motions for seeking a preliminary injunction against a foreclosure sale (D.I. 1, 5, 6) (together, "Emergency Motions") filed by *pro se* movants James Coppedge and Krisha Coppedge (together, "Movants"). The Emergency Motions are filed in the above-captioned action, which, although styled as an appeal, appears to have been initiated solely to prevent a foreclosure sale scheduled for October 3, 2019, and not to review any decision of the Bankruptcy Court below. (*See* D.I. 1).

The above-captioned proceeding is the fourth matter filed by one or more of the Movants and currently pending before this Court. *See Coppedge v. Specialized Loan Servicing LLC*, No. 19-12-MN; *Coppedge v. Specialized Loan Servicing LLC*, No. 19-13-MN; and *Coppedge v. Michael B. Joseph, Chapter 13 Trustee*, No. 19-713-MN. Those appeals concern various orders entered by the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court") in Mr. Coppedge's Chapter 13 case, captioned *In re James Coppedge*, Case No. 17-12341 (BLS) (Bankr. D. Del.). *See* No. 19-12-MN, D.I. 1 (appeal of the Delaware Bankruptcy Court's December 20, 2018 Order denying Coppedge's motion for reconsideration of a prior "Order

1

Granting Motion to Strike Debtor's Motion for Default Judgment With Counterclaim and Awarding Fees"); No. 19-13-MN, D.I. 1 (appeal of the Delaware Bankruptcy Court's December 20, 2018 "Order Striking Notice of Default and Dishonor of SLS, LLC"); No. 19-713-MN, D.I. 1 (appeal of the Delaware Bankruptcy Court's April 4, 2019 Order denying Coppedge's Motion for Reconsideration of a prior "Order Striking Notice of Discharge"). Because Movants proceed *pro se*, the Court construes the pleadings liberally, and it will treat the Emergency Motions as motions for stay of the foreclosure sale pending Movants' appeals of the various orders entered by the Bankruptcy Court in the Chapter 13 case in connection with the property and foreclosure.

Movants have named Janet Z. Charlton as respondent to the Emergency Motions ("Respondent"). Importantly, Ms. Charlton was not a party to any of these proceedings. The Court has considered the answering brief filed by Ms. Charlton (D.I. 17), along with Movants' replies in further support of the Emergency Motion (D.I. 19, 20, 21). The Court has also considered Movants' Motion for Extraordinary Emergency Relief (D.I. 22) and Motion for Extraordinary Stay (D.I. 23), which appear to seek substantially the same relief sought in the Emergency Motions.

## II.     BACKGROUND

In 2011, U.S. Bank National Association, as Trustee for Banc of America Funding Corporation (BAFC) 2007-3 ("U.S. Bank") filed a foreclosure action against Movants in the Superior Court of the State of Delaware ("Superior Court") with respect to the premises known as 52 Barkley Court, Dover, Delaware. At the time the complaint was filed, the mortgage had been in default since September 2008. (*See* D.I. 17-2 at Exh. 1 ("Complaint")). Movants filed an Answer and Counterclaims, which did not deny that the mortgage was in default but rather asserted various incomprehensible arguments. Given that the defenses to mortgage foreclosure are limited, *JPMorgan Chase Bank v. Hopkins,* 2013 WL 5200250 at *2 (Del. Super. Sept. 12, 2013),

U.S. Bank filed a Motion to Strike Answer and Dismiss Permissive Counterclaims and Grant Summary Judgment, which was granted. Movants were "barred from filing additional frivolous pleadings." (D.I. 17-2 at Exh. 2).

Movants appealed this ruling to the Delaware Supreme Court which affirmed the finding of the Superior Court that the Movants' "disjointed" and "unintelligible" pleadings were without merit. *Coppedge v. U.S. Bank, N.A.,* No. 525, 2011 at 3, 4 (Del. 2011) (D.I. 17-2 at Exh. 3).

Despite these final decrees, the Superior Court has had to deny the same types of pleadings filed by Movants, including motions to set aside the judgment (*id*. at Exh. 4) and stay the sale (*id*. at Exh. 5), motion to seal (*id*. at Exh. 6), motion to void judgment (*id*. at Exh. 7), and motion to reconsider (*id*. at Exh. 8). The Superior Court docket lists the numerous unmeritorious pleadings Movants have filed. (*Id*. at Exh. 9).

Movants also filed bankruptcy petitions in United States Bankruptcy Court for the Eastern District of Pennsylvania ("Pennsylvania Bankruptcy Court"), Case No. 16-15806 (*see* D.I. 17-2 at Exh. 10 (bankruptcy court docket) and two cases in the Delaware Bankruptcy Court, Case Nos. 13-11098 and 17-12341 (*see id.* at Exh. 12), which were temporarily successful in staying the scheduling of a foreclosure sale but could not permanently stay enforcement actions. Motions for Relief from the Automatic Stay were granted in the Pennsylvania bankruptcy case (*id*. at Exh. 13) and in one of the Delaware bankruptcy cases (*id*. at Exh. 14). The other Delaware bankruptcy petition was dismissed. (*See id.* at Exh. 15). Thereafter, Movants have filed five appeals to the District Court of the District of Delaware. (*See id*. at Exhs. 16-20 (dockets of the appeals)). Three of the most recent of these appeals have been briefed by the Appellee and are currently pending. The foreclosure sale is scheduled for October 3, 2019. Most recently, Movants have filed a Motion

3

to Void Judgment and Fifth Pluries Lev Fae to stop the upcoming foreclosure sale in the Superior Court (*see id.* at Exh. 9, D.I. 123-128). Briefing on that matter is complete.

The parties completed briefing on Movant's Emergency Motions on September 26, 2019. (*See* D.I. 5, 6, 17, 21). Movants have made numerous additional filings which are not in compliance with the Federal Rules of Appellate Procedure or Federal Rules of Bankruptcy Procedure or the briefing schedule in this case. (*See* D.I. 9, 12, 14, 18, 19, 20).[1] Because Movants proceed *pro se*, the Court construes these pleadings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks omitted). The Court has therefore considered all of the papers filed by the parties in this appeal. The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

### III. <u>STANDARD OF REVIEW</u>

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).[2] Preliminary injunctive relief is an

---

[1] Movants have filed Motions to Seal and in Further Support (D.I. 19, 20) ("Motions to Seal"). The Motions to Seal appear to be additional replies filed in further support of the Emergency Motions and were considered by this Court. To the extent the Motions to Seal seek leave to file the replies under seal, no opposition has been filed. Accordingly, the Court will grant the unopposed Motions to Seal **solely to the extent that** the replies may currently remain under seal.

[2] The factors for a stay pending appeal are substantially the same: (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether

4

extraordinary remedy, which should be granted only in limited circumstances. *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SJ Handling Sys., Inc. v. Heisley,* 753 F.2d 1244, 1264 (3d Cir. 1985). "[F]ailure to establish any element in [a plaintiffs] favor renders a preliminary injunction inappropriate." *The Nutrasweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).

## IV. ANALYSIS

For the reasons set forth below, Movants cannot establish a likelihood of success on the merits.

### A. Movants Have Not Posted Legitimate Bonds Pending Appeal

Consistent with the observations of the Delaware Supreme Court, the Court finds the content of the Emergency Motions to be disjointed and unintelligible.[3] Construing the pleadings liberally, the Emergency Motions all appear to assert the Movants' contention that their debt obligation, secured by the mortgage in foreclosure, has been paid by what the Movants alternatively call I099A, B, C, OID and Form 1090 Registered Bonded Promissory Note and a

---

the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[3] The Emergency Motions assert various arguments including, but not limited to, Movants' recent posting of a bond; fraud and failure to abide by the Fair Debt Collection Practices Act on the part of the U.S. Bank (who is not Respondent); U.S. Bank's failure to file a proof of claim and/or failure to produce the original promissory note in support of its proof of claim; that it is impossible to satisfy the debt to U.S. Bank, NA or SLS, Inc. because "No one has paid a debt-at-law since June of 1933. It is impossible to do so." Notably, Movants' argument that U.S. Bank failed to file a proof of claim is contradicted by the record of the Chapter 13 case, Case No. 17-12341 (BLS), Proof of Claim 2-1. (*See* D.I. 17-2, at Exh. 23).

5

personal check marked "not for deposit EFT only" (hereinafter, "Fraudulent Bonds"). (*See* various attachments to D.I. 6; D.I. 18 ("Registered Bonded Promissory Note," dated September 10, 2019, in the amount of $492,205.19); D.I. 20 (attaching various forms, signed only by Movants, including, but not limited to: "Affidavit of Individual Surety," "Release of Lien on Real Property," "Release of Personal Property from Escrow," "Bid Bond," "Performance Bond," "Payment Bond," "Consent of Surety," "Payment Bond for Other Than Construction Contracts," and "Performance Bond for Other than Construction Contracts"); D.I. 19 (various attachments). Movants have also submitted copies of notices relating to the scheduled foreclosure sale which they have stamped "cancelled" and "satisfied." (*See, e.g.*, D.I. 23).

Respondent directs the Court to a matter that bears a striking resemblance to the one at bar. In *Lucas v. Cuyahoga County Common Pleas Court,* 2008 U.S. Dist. LEXIS 4335, *2-7 (N.D. Ohio Jan. 22, 2008), the United States District Court for the Northern District of Ohio addressed a borrower's affirmative lawsuit designed to halt a state foreclosure because the underlying debt, according to the borrower, had been paid with "private offset bonds":

> Ms. Lucas' voluminous complaint is composed almost entirely of indecipherable legal rhetoric. It appears that Ms. Lucas may have been a party to a foreclosure action in Cuyahoga County, Ohio and that in the course of that action, a sheriff's sale has been ordered. Apparently to bolster her case or to satisfy her debt, Ms. Lucas created and signed a "Private Offset Bond," a "Bonded Promissory Note," and a "Private Discharge and Indemnity Bond" which are addressed to the United States Secretary of Treasury in the amounts of Fifty Million Dollars, Five Million Dollars, and Three Hundred Million Dollars respectively. These documents list Ms. Lucas as a creditor and suggest that in some manner the Secretary of Treasury is to use them to satisfy all of her past, present, and future liabilities. She claims "there is no evidence on or for the record that any third party Movants has received a Notice of Dishonor from the Secretary of the Treasury or any other entity. No defect in tender has been noted on or for the record." She contends that Judge McCormick "did not require . . . a mandatory counterclaim supported by the 10990ID, 1040v, 1040, 1096 sent to the Department of Treasury, Internal Revenue Service in compliance with FAS 133 and 140 . . . ." "The remainder of the complaint and its large number of attachments make reference to the Uniform Commercial Code, notary publics, copyright law, the gold standard, and maritime

6

law. She requests an order from this Court enjoining the state foreclosure action so that she can pursue "a criminal complaint and liquidation of each parties [sic] bonds by the Department of Treasury, Internal Revenue Service which are now in process."

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall,* 454 U.S. 364, 365 [ ] (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520 [] (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 [] (1989); *Lawler v. Marshall,* 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

To the extent that Ms. Lucas is asking this Court to intervene in a pending state court foreclosure case, it cannot do so. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris,* 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

To the extent that Ms. Lucas is seeking to pursue some other type of action, her case must still be dismissed. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). . . . Ms. Lucas's failure to identify a coherent legal theory in her complaint places an unfair burden on the Movants to speculate on the potential claims that U.S. Bank may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown,* 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state a claim upon which relief may be granted.

*Lucas,* 2008 U.S. Dist. LEXIS 4335, at *2-7. The Court has reviewed the documents submitted by Movants and finds that they are of the nature of the fraudulent bonds described by the Court in *Lucas* and consistent with various fraud warnings.[4] As such, the documents submitted by Movants do not serve as security to obtain the stay of a foreclosure sale pending appeal.

---

[4] *See* FBI Fraud Warning (D.I. 17-2 at Exh. 21); *see also* U.S. Department of the Treasury Fraud Warning (*id*. at Exh. 22).

### B. Movants' Claims Have Been Adjudicated in State Court

The *Rooker-Feldman* doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 287 (2005). The *Rooker-Feldman* doctrine applies when four requirements are met: (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment. *Phila. Entm't & Dev. Partners, LP v. Dep't of Revenue,* 879 F.3d 492, 500 (3d Cir. 2018) (*citing Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 165 (3d Cir. 2010)).

In the present action, all four prongs have been met. First, Movants' defenses to foreclosure were denied in the Delaware Superior Court, subsequent appeal to the Delaware Supreme Court, and various miscellaneous motions to reopen, reargue, and reconsider. Second, the injuries Movants complained of result from a foreclosure and imminent foreclosure sale, which have state causes of actions and are the result of the Superior Court's judgment. Thirdly, the state court decisions were rendered prior to Movants' present Emergency Motions. Final Judgment was issued in 2011 by the state trial court (the Superior Court) and the final appellate state court (the Delaware Supreme Court). Finally, the fourth requirement is met. Movants are making the same incomprehensible arguments that were rejected by the state courts. Thus, the *Rooker-Feldman* doctrine bars this action.

By the Emergency Motions, Movants seek a stay of the foreclosure sale (1) without having filed a bona fide payment bond, (2) having been unsuccessful in the Superior Court or Delaware

Supreme Court, and (3) without having been successful in the Delaware Bankruptcy Courts or the Pennsylvania Bankruptcy Court. The Emergency Motions fail on their merits and merely reargue points that have been rejected multiple times in other courts. In light of Movants' failure to demonstrate any likelihood of success on the issues raised in their appeals and the injunctive relief they request, the Court declines to award this extraordinary relief.

## V. CONCLUSION

For the reasons set forth herein, the Emergency Motions will be DENIED. An appropriate order will be entered.

October 2, 2019

_____
The Honorable Maryellen Noreika
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| JAMES COPPEDGE and KRISHA M. COPPEDGE, | ) |  |
|---|---|---|
|  | ) |  |
| Movants, | ) |  |
|  | ) |  |
| v. | ) | C.A. No. 19-1640 (MN) |
|  | ) |  |
| JANET Z. CHARLTON, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## ORDER

For the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED this 2nd day of October 2019 that:

1. The Emergency Motions for Permanent Preliminary Injunction Against Unlawful Foreclosure Attempts (D.I. 1, 5, 6) are DENIED.

2. The unopposed Motions to Seal (D.I. 19, 20) are GRANTED SOLELY TO THE EXTENT that those documents may currently remain under seal.

3. The Motion for Extraordinary Emergency Relief (D.I. 22) and Motion for Extraordinary Stay (D.I. 23) are DENIED.

4. The Clerk of the Court is directed to CLOSE C.A. No. 19-1640-MN.

The Honorable Maryellen Noreika
United States District Judge